UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| MAXAMILIANO GOMEZ GARCIA, Petitioner, v. MICHAEL NESSINGER, *Warden, Wyatt Detention Facility*; PATRICIA HYDE, *Field Office Director*; TODD LYONS, *Acting Director, U.S. I.C.E.*; MARKWAYNE MULLIN, *U.S. Secretary of Homeland Security*; TODD BLANCHE, *Acting U.S. Attorney General*; and DONALD J. TRUMP, *U.S. President*, Respondents. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 26-cv-239-JJM-PAS |

ORDER

Maxamiliano Gomez Garcia has filed a habeas petition, arguing that his arrest and continued detention by Immigration and Customs Enforcement ("ICE") is unlawful, and that he must be released or given a bond hearing before an immigration judge ("IJ") under 8 U.S.C. § 1226(a). ECF No. 1. In its Response, the Government states that the legal issues presented in this case are like those recently addressed by this Court in *Tomas Elias v. Hyde*, No. 25-cv-540-JJM-AEM, 2025 WL 3004437 (D.R.I. Oct. 27, 2025). ECF No. 5 at 2. Though the Government notes some disagreement with that decision,[1] it acknowledges that should the Court follow its

---

[1] Specifically, the Government cites to a recent decision from the Fifth Circuit that is to the contrary. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). Of course, that decision is not binding on this Court, and the Court does not

reasoning in *Tomas Elias*, it would likely reach the same result in Mr. Gomez Garcia's case. *Id.* at 2. The reasoning provided in *Tomas Elias* remains correct. As such, the Court finds that Mr. Gomez Garcia's detention is unlawful, and that he is entitled to immediate release and a bond hearing before an IJ. Mr. Gomez Garcia's petition is therefore GRANTED. ECF No. 1.

The Government is hereby ORDERED to **release Maxamiliano Gomez Garcia immediately**. Per its request, the Government is permitted to transfer Mr. Gomez Garcia to ICE's Boston Field Office in Burlington, Massachusetts for the sole purpose of processing his release and allowing for any return of property. ECF No. 5 at 1 n.1. However, the Court DENIES the Government's additional request to place "any monitoring equipment deemed appropriate." *Id.* Because the Government did not have the lawful authority to detain Mr. Gomez Garcia in the first place, the Court will not permit the Government to keep him "in custody" through the use of monitoring equipment pending the bond hearing. *See Morales v. Hyde*, No. 26-cv-093-JJM-PAS, 2026 WL 508811, at *3-4 (D.R.I. Feb. 24, 2026) (denying similar request from the Government because "[i]t does not follow . . . that ICE gets to keep [the petitioner] 'in custody' once he leaves the Wyatt Detention Facility").

---

find its reasoning to be persuasive. The Court is instead persuaded by the Seventh Circuit's position on the issue. *See Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060-62 (7th Cir. 2025) (concluding that the Government was unlikely to succeed on the merits of its argument that 8 U.S.C. § 1225(b)(2)(A) permits the mandatory detention of any noncitizen who is unlawfully already in the United States).

Effectuating Mr. Gomez Garcia's transfer to Burlington shall not in any way impede his **immediate release**.

The Government is also ORDERED to **provide Maxamiliano Gomez Garcia with a bond hearing before an IJ** under 8 U.S.C. § 1226(a) within ten (10) days of the date of this order.  Should it choose to pursue Mr. Gomez Garcia's continued detention, the Government must show why less restrictive alternatives to detention would be inadequate for it to achieve its goals.  *See Higiro v. Nessinger*, No. 26-cv-105-JJM-AEM, 2026 WL 710297, at \*8 (D.R.I. Mar. 13, 2026) (finding that due process requires IJs to consider alternatives to detention at bond hearings to ensure that detention is not arbitrarily imposed and bears a reasonable relation to the Government's interests).  The IJ shall consider any alternatives to detention *before* making a finding as to flight risk or dangerousness.  *See Brito v. Garland*, 22 F.4th 240, 254 (1st Cir. 2021) (noting that to require otherwise would be "to put the cart before the horse").

Finally, the Court ORDERS the Government to **file a status report** within five (5) days of Mr. Gomez Garcia's bond hearing, stating whether he has been granted bond.  If Mr. Gomez Garcia's request for bond is denied, the Government shall state the reason for that denial and whether Mr. Gomez Garcia has been re-detained by ICE.

3

IT IS SO ORDERED.


*s/John J. McConnell, Jr.*

_____

JOHN J. MCCONNELL, JR.
Chief Judge
United States District Court

April 27, 2026